IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE MANGELLO, JR., )<br>Plaintiff )<br> )<br> )<br>v. )<br> )<br> )<br>RALPH C. WARMAN, et al., )<br>Defendants. ) | C.A. No. 07-1559 PITTSBURGH<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Warman [document # 20] be granted.

It is further recommended that pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claim against Defendant Lepore be dismissed for failing to state a claim.

By separate text order issued this date, Plaintiff's motion for default judgment [Document # 31] will be denied.

The Clerk of Courts should be directed to close this case.

**II.     REPORT**

    **A.     Procedural History**

On November 15, 2007, Plaintiff, a state inmate incarcerated within the Pennsylvania Department of Corrections, filed the instant civil rights action. Named as Defendants are: Ralph

1

C. Warman, "Prosecuter-Judge"; and Alphonse P. Lepore, Jr., "Public Defender." Plaintiff is currently incarcerated at SCI-Mahonoy, in Frackville, Pennsylvania.

In his complaint, Plaintiff alleges, verbatim:

> 1) Ralph C. Warman, conspired with a jury member, to get Plaintiff's past record into jury room. Causeing [sic] the jury to disregard the law on reasonable doubt. 2) Ralph C. Warman, conspired with Defendant Alphonse P. Lepore Jr. To make sure 2 Blacks were taken off the jury, and to make sure that direct appeal was incorrectly filed so conviction would not be overturned and to keep his unlawfull [sic] acts from being found out. 3) Ralph C. Warman who was the prosecutor knew that he was breaking the law and causeing [sic] another person life to be distroyed [sic] without regard to the law.

Document # 3. As relief, Plaintiff seeks monetary damages.[1]

On March 14, 2008, this Court directed the U.S. Marshal Service to serve the complaint on Defendant Lepore. Document # 14. It appears from the docket that this Defendant has never been served with the complaint. Therefore, Plaintiff's motion for default judgment [Document # 31] will be denied. See generally, Federal Rules of Civil Procedure.

Defendant Warman was served and has filed a motion to dismiss. Document # 20. Plaintiff has filed several responses to the pending motion. Documents ## 25, 26, 27, 28, 29, and 30. These issues are fully briefed and are ripe for disposition by this Court.

B. **Standards of Review**

1. *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

---

[1] Although Plaintiff does not specifically seek relief from custody, to the extent that he may be seeking the reversal of his criminal conviction in this federal court, such a remedy is not available to him by way of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

2

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

3

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Dismissal pursuant to the PLRA

The Prison Litigation Reform Act provides that:

> (a) Screening - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are

4

frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis*. See 28 U.S.C. §1915(e)(2)[2]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., U.S. ex rel. Banks v. Aramark Correctional Services, Slip Copy, 2008 WL 3833459, at * 2 (W.D.Pa. Aug. 15, 2008) quoting Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g. Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1997) ("Under 28 U.SC. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

### C. The favorable termination requirement of Heck v. Humphrey

Defendant Warman argues that this action should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction

---

[2] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

5

or sentence has already been invalidated." 512 U.S. at 487.[3] The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004).

Here, it is clear from Plaintiff's filings that the underlying criminal conviction has not been reversed or set aside. A finding by this Court that either Defendant Warman or Defendant Lepore violated Plaintiff's constitutional rights during his criminal trial would "necessarily imply the invalidity" of the conviction. Plaintiff's action against both Defendants is precluded by Heck. Defendant Warman's motion to dismiss should be granted and Plaintiff's claim against Defendant Lepore should be dismissed pursuant to this Court's authority under the PLRA.

### III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant Warman [document # 20] be granted.

It is further recommended that pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claim against Defendant Lepore be dismissed for failing to state a claim.

By separate text order issued this date, Plaintiff's motion for default judgment

---

[3] In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648.

6

[Document # 31] will be denied.

The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: September 24, 2008